UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY BROUSSARD,

      Petitioner,                       Civil No. 2:13-CV-11120
                                     HONORABLE VICTORIA A. ROBERTS
v.                                  UNITED STATES DISTRICT JUDGE

KEN ROMANOWSKI,

      Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS
CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS***

      Henry Broussard, ("Petitioner"), confined at the Macomb Correctional Facility in

New Haven, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2254.  In his *pro se* habeas petition, Petitioner challenges his conviction and sentence for

one count each of assault with intent to do great bodily harm less than murder, M.C.L.A.

750.84, assault with a dangerous weapon, M.C.L.A. 750.82, felon in possession of a

firearm, M.C.L.A. 750.224f, possession of a firearm in the commission of a felony,

[felony-firearm], second offense, M.C.L.A. 750.227b, and being a fourth felony habitual

offender, M.C.L.A. 769.12.  For the reasons that follow, the petition for writ of habeas

corpus is DENIED.

**I.  Background**

      Petitioner was convicted of the above offenses following a jury trial in the Wayne

County Circuit.  This Court recites verbatim the relevant facts relied upon by the

1

Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28

U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F. 3d 410, 413 (6th Cir. 2009):

> This case arises from a shooting that occurred at 4157 North Campbell Street in the city of Detroit on January 29, 2010. The prosecution witnesses testified that defendant sold drugs from the second story of that house through two women who resided there—Malena Garcia and Tasha Williams. On the night in question, defendant became enraged because Brenda Nealy and her boyfriend Chris Peterson purchased drugs from someone other than defendant and proceeded to smoke it in the lower flat of the home. Defendant confronted Nealy and Peterson, left the home, and then returned shortly thereafter armed with a gun. Defendant fired shots into the home and forced Nealy and Peterson to leave at gunpoint. Nealy was shot in the back of her leg.
>
> Garcia testified on defendant's behalf. Contrary to the prosecution's witnesses, she testified that defendant did not fire shots into the home. Instead, defendant and his fiancé, Shavelle Runels, came to the home to pick up Garcia. While there, defendant admonished the prosecution's witnesses that they should be ashamed of themselves for smoking crack cocaine. Nealy and Peterson voluntarily left the home. Garcia denied that any shooting took place.

*People v. Broussard,* No. 300007, Slip. Op. at * 1 (Mich.Ct.App. January 19, 2012).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 492 Mich. 854, 817

N.W.2d 54 (2012).

Petitioner seeks a writ of habeas corpus on the following grounds: (i) the trial court

erred in admitting into evidence a phone sex audiotape that was more prejudicial than

probative, (ii) the trial judge changed the maximum term of sentencing on the highest

charge based on his mistaken belief that his original choice of sentence was illegal, (iii)

Petitioner was denied the effective assistance of counsel due to his attorney's failure to

call two witnesses for the defense, (iv) Petitioner's right to present a defense was violated

when the district court judge at the preliminary examination bound him over for trial

2

without hearing testimony from defense witnesses, (v) Petitioner's convictions for

felon-in-possession of a firearm and felony-firearm violate the Double Jeopardy Clause;

alternatively, counsel was ineffective for failing to object at sentencing, (vi) Petitioner

was improperly sentenced to a five year prison sentence for felony-firearm, second

offense, when Petitioner did not have a prior felony-firearm conviction; alternatively, trial

counsel was ineffective for failing to object, (vii) Petitioner was denied a fair trial by

cumulative error and counsel's failure to object to cumulative error.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas

cases:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim–
>
> > (1)     resulted in a decision that was contrary to, or
> > involved an unreasonable application of, clearly established
> > Federal law, as determined by the Supreme Court of the
> > United States; or
> > (2)     resulted in a decision that was based on an
> > unreasonable determination of the facts in light of the
> > evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court on a

question of law or if the state court decides a case differently than the Supreme Court has

on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06

(2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003).  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the

4

Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786.  Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.*  Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)).  Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24.  Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87.  Finally, in reviewing Petitioner's claims, this Court must remember that under the federal constitution, Petitioner was "entitled to a fair trial but not a perfect one." *Lutwak v. United States,* 344 U.S. 604, 619 (1953).

### III.  Discussion

### A.  Claim # 1.  The phone sex audiotape.

5

Petitioner first claims that his right to a fair trial was violated when the trial judge admitted into evidence an audiotape of a conversation between Petitioner and defense witness Garcia that took place when Petitioner was incarcerated in jail, which included "phone sex" between the two. Petitioner claims that this evidence was substantially more prejudicial than probative of an issue at trial and was simply admitted to establish that Petitioner was a bad character, in violation of M.R.E. 404(b).

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *See Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000).

Petitioner's claim that the phone sex conversation should have been excluded under M.R.E. 403 for being more prejudicial than probative does not entitle Petitioner to habeas relief. The Sixth Circuit observed that "[t]he Supreme Court has never held (except perhaps within the capital sentencing context) that a state trial court's admission of *relevant* evidence, no matter how prejudicial, amounted to a violation of due process." *Blackmon v. Booker*, 696 F. 3d 536, 551 (6th Cir. 2012)(emphasis original). Moreover, so long as a state court's determination that evidence is more probative than prejudicial is reasonable, a federal court on habeas review will not overturn a state court conviction.

6

*See Clark v. O'Dea,* 257 F. 3d 498, 503 (6th Cir. 2001).

The Michigan Court of Appeals rejected Petitioner's claim, finding that the phone sex audiotape was relevant to impeach defense witness Garcia's testimony that she had only had sex one time with Petitioner before their relationship again became platonic and that she had never engaged in phone sex with Petitioner. *Broussard,* Slip. Op. at * 2-3. The Michigan Court of Appeals further concluded that the probative value of the conversation between Petitioner and Garcia was not substantially outweighed by its prejudicial effect, because the conversation "briefly provided enough information to deduce" that Petitioner and Garcia were engaged in phone sex "without providing overly excessive or graphic private information." *Id.,* at * 3.

Here, the phone sex audiotape was relevant to impeach the credibility of a defense witness. Moreover, the tape did not contain overly salacious or prurient information or details. The Michigan Court of Appeals' determination that the phone sex audiotape was more probative than prejudicial was reasonable, thus, Petitioner is not entitled to habeas relief on his claim. *Clark,* 257 F. 3d at 503.

Petitioner's related claim that the state court violated M.R.E. 404(b) by admitting evidence of his phone sex conversation with Garcia as improper character evidence is non-cognizable on habeas review. *See Bey v. Bagley,* 500 F 3d 514, 519 (6th Cir. 2007); *Estelle,* 502 U.S. at 72 (Supreme Court's habeas powers did not permit Court to reverse state court conviction based on their belief that the state trial judge erred in ruling that

prior injury evidence was admissible as bad acts evidence under California law);
*Dowling v. U.S.*, 493 U.S. 342, 352-53 (1990)(admission at defendant's bank robbery
trial of "similar acts" evidence that he had subsequently been involved in a house
burglary for which he had been acquitted did not violate due process).  The admission of
this "prior bad acts" or "other acts" evidence against Petitioner at his state trial does not
entitle him to habeas relief, because there is no clearly established Supreme Court law
which holds that a state violates a habeas petitioner's due process rights by admitting
propensity evidence in the form of "prior bad acts" evidence. *See Bugh v. Mitchell,* 329
F. 3d 496, 512 (6th Cir. 2003); See also *Adams v. Smith,* 280 F. Supp. 2d 704, 716 (E.D.
Mich. 2003).  Given the lack of holdings by the Supreme Court on the issue of whether a
state court violates a habeas petitioner's due process rights by the admission of evidence
to establish the petitioner's propensity to commit criminal acts, the Michigan Court of
Appeals' rejection of Petitioner's character evidence claim was not an unreasonable
application of clearly established federal law. *See Wright v. Van Patten,* 552 U.S. 120,
126 (2008); *Carey v. Musladin,* 549 U.S. 70, 77 ( 2006).  Petitioner is not entitled to
habeas relief on his first claim.

### B.  Claims # 2 and # 6.  Sentencing.

The Court will consolidate Petitioner's second and sixth claims because they both
involve challenges to his sentencing.

In his second claim, Petitioner argues that his case should be remanded for re-
sentencing because the judge mistakenly believed that he did not have the discretion to

8

sentence Petitioner as a fourth felony habitual offender on the highest conviction of assault with intent to do great bodily harm to a maximum of twenty years in prison, instead, correcting the sentence to a maximum of twenty five years in prison.

Petitioner was convicted as a fourth felony habitual offender. Under M.C.L.A. 769.12(1)(a), a fourth felony habitual offender can be sentenced to up to life in prison if his or her current felony carries a maximum sentence of five or more years in prison. The underlying charge of assault with intent to do great bodily harm less than murder carries up to ten years in prison, thus, Petitioner was looking at up to life in prison when being sentenced for this charge as a fourth habitual offender.

Petitioner's sentence of twelve to twenty five years was thus within the statutory limits for the offense of assault with intent to do great bodily harm and being a fourth felony habitual offender. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000); *See also Foster v. Withrow,* 159 F. Supp. 2d 629, 645 (E.D. Mich. 2001). Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico,* 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). Because the sentence imposed here was within the statutory limits for assault with intent

9

to do great bodily harm less than murder and being a fourth felony habitual offender, Petitioner is not entitled to relief.

To the extent that Petitioner alleges that the trial judge erred in failing to recognize that he had the discretion under Michigan law to impose a lesser maximum sentence on Petitioner as a fourth felony habitual offender on the assault with intent to do great bodily harm conviction, he would not be entitled to relief. Petitioner's claim involving the application of Michigan's habitual offender laws is non-cognizable on habeas review, because it involves an application of state law. *See Rodriguez v. Jones,* 625 F. Supp. 2d 552, 569 (E.D. Mich. 2009); *Grays v. Lafler*, 618 F. Supp. 2d 736, 751 (W.D. Mich. 2008). Petitioner is not entitled to habeas relief on his second claim.

In his sixth claim, Petitioner claims that he was improperly sentenced to a consecutive five year prison term for felony-firearm, second offense, because he claims that he did not have a prior felony-firearm conviction at the time of his current conviction. A mandatory five-year term of imprisonment for a second conviction of felony-firearm can be imposed where the second offense is subsequent to the first felony-firearm conviction. *See People v. Sawyer,* 410 Mich. 531, 536, 302 N.W. 2d 534 (1981). Petitioner claims that he did not have a prior felony-firearm conviction at the time of his current conviction. The burden is on a habeas petitioner to prove the invalidity or unconstitutionality of any prior convictions used to charge him as a habitual or repeat offender. *See Hobson v. Robinson,* 27 Fed. Appx. 443, 445 (6th Cir. 2001)(citing *Parke v. Raley,* 506 U.S. 20, 28-34 (1992)).

10

Petitioner has presented no evidence to establish that his current felony-firearm conviction was his first felony-firearm conviction.   Petitioner's appellate counsel filed a motion to remand in which he alleged that Petitioner had not previously been convicted of felony-firearm. [1]   The Wayne County Prosecutor, in its answer to the motion to remand, indicated that Petitioner had previously been convicted of felony-firearm in the Wayne County Circuit Court in 1997 in Case # 94-008414-01-FH and had received two years in prison on that charge. [2]   After reviewing the court file, Petitioner's appellate counsel acknowledged that Petitioner had been convicted of felony-firearm conviction in this case. [3]   Moreover, although Petitioner filed a separate Standard 4 supplemental *pro per* appellate brief in addition to the brief filed by appellate counsel, Petitioner did not again raise a claim that he was improperly convicted of felony-firearm, second-offense, nor did he raise this claim in his application for leave to appeal to the Michigan Supreme Court. [4]   Petitioner has presented no evidence to this Court that would call into question the validity of his prior felony-firearm conviction from 1997.   Accordingly, Petitioner fails to show that he was improperly sentenced for felony-firearm, second offense in this case.

---

[1]   *See* Motion to Remand. [Dkt. # 8-8].

[2]   *See* Answer in Opposition to Motion to Remand. [Dkt. # 8-8].

[3]   *See* Motion for Leave to Reply and Reply to Prosecutor's Answer in Opposition to Motion to Remand. [Dkt. # 8-8].

[4]   *See* Defendant-Appellant's *Pro Per* Supplemental Brief [Dkt. # 8-8], *Pro Per* Application for Leave to Appeal [Dkt. # 8-9].

11

Moreover, because there were no viable grounds for challenging the charge of felony-firearm, second offense in this case, trial counsel was not ineffective for failing to challenge the sentence enhancement in this case on the felony-firearm charge. *See e.g. Cummings v. United States,* 84 Fed. Appx. 603, 605 (6th Cir. 2003). Petitioner is not entitled to habeas relief on his second or sixth claims.

**C. Claim # 3. Ineffective assistance of trial counsel.**

Petitioner argues that trial counsel was ineffective for failing to call Rose Lewis and Raymond Coles to establish that Petitioner did not return to the house on the night in question and shoot the victims.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at

12

694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 131 S. Ct. at 792). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 131 S. Ct. at 785. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard

13

itself."*Harrington*, 131 S. Ct. at 785.  "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 788 (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)).

Petitioner is not entitled to habeas relief on his claim for two reasons.  First, Petitioner failed to attach any affidavits from Rose Lewis or Raymond Coles to the appellate brief filed by appellate counsel, to his Standard 4 *pro per* supplemental brief, or to the motion to remand that were all filed with the Michigan Court of Appeals.  Nor has he provided this Court with any affidavits from these witnesses concerning their proposed testimony and willingness to testify on Petitioner's behalf.  Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). By failing to present any evidence to the state courts in support of his ineffective assistance of claim, Petitioner is not entitled to an evidentiary hearing on his ineffective assistance of counsel claim. *See Cooey v. Coyle*, 289 F. 3d 882, 893 (6th Cir. 2002)(citing 28 U.S.C. § 2254(e)(2)(A)(ii)).  Petitioner has not offered, in any post-trial matter, any evidence beyond his own assertions as to whether the witnesses would have been able to testify and what the content of these witnesses' testimony would have been.  In the absence of such proof, Petitioner is unable to establish that he was prejudiced by counsel's failure to call these witnesses to testify at trial, so as to support the second prong of an ineffective assistance of counsel claim. *See Clark v. Waller,* 490 F. 3d 551, 557 (6th Cir. 2007).

Moreover, as the Michigan Court of Appeals noted in rejecting Petitioner's claim,

14

*See Broussard,* Slip. Op. at * 5, Petitioner's counsel presented Shavelle Runels and

Malena Garcia to support Petitioner's claim that he did not return to the North Campbell

residence to shoot the victims.  Because any testimony from Lewis and Coles would

have been cumulative of the alibi testimony presented by Ms. Runels and Ms. Garcia, the

Michigan Court of Appeals' rejection of Petitioner's ineffective assistance of counsel

claim was not an unreasonable application of *Strickland. See Robins v. Fortner,* 698 F.

3d 317, 330 (6th Cir. 2012).  Petitioner is not entitled to habeas relief on his third claim.

### D.  Claim # 4.  The preliminary examination.

Petitioner claims that the state district court judge improperly bound him over to

the Wayne County Circuit Court for trial, after denying his request to call defense

witnesses on his behalf at the preliminary examination.

With respect to Petitioner's claim that there was insufficient evidence presented at

his preliminary examination to bind him over for trial, Petitioner failed to state a claim

upon which habeas relief can be granted.  A prior judicial hearing is not a prerequisite to

prosecution by information. *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975).  There is no

federal constitutional right to a preliminary examination. *See United States v. Mulligan*,

520 F. 2d 1327, 1329 (6th Cir. 1975); *Dillard v. Bomar*, 342 F. 2d 789, 790 (6th Cir.

1965).  Petitioner's claim that there was insufficient evidence presented at his

preliminary examination to bind him over for trial thus raises only a matter of state law

and procedure that cannot form a basis for federal habeas relief. *See Dorchy v. Jones,*

320 F. Supp. 2d 564, 578-79 (E.D.Mich. 2004); *David v. Lavinge,* 190 F. Supp. 2d 974,

978 (E.D. Mich. 2002).  Moreover, because Petitioner has no constitutional right to a preliminary examination, he has no constitutional right to present witnesses on his behalf at such a hearing. *See Woodhull v. Cady,* 334 F. Supp. 74, 76-77 (E.D. Wis. 1971); *See also Reed v. City of Chicago,* 867 F. Supp. 714, 720 (N.D. Ill. 1994)(Defendant's inability to present witnesses in his own behalf did not render his *Gerstein* hearing unreliable).

In addition, a jury's guilty verdict renders harmless any error in the charging decision. *United States v. Mechanik,* 475 U.S. 66, 73 (1986).  Any insufficiency of evidence at Petitioner's preliminary examination would be harmless error in light of Petitioner's subsequent conviction at trial. *See Redmond v. Worthinton,* 878 F. Supp. 2d 822, 844 (E.D. Mich. 2012).   Petitioner is not entitled to habeas relief on his fourth claim.

### E.  Claim # 5.  Double Jeopardy.

Petitioner claims that his convictions for felon in possession of a firearm and felony-firearm violate the Double Jeopardy Clause because both convictions involve the same weapon.  Petitioner also claims that his trial counsel was ineffective for failing to object to the convictions on this basis.

The Double Jeopardy Clause serves the function of preventing both successive punishments and successive prosecutions. *United States v. Ursery*, 518 U.S. 267, 273 (1996).  The protection against multiple punishments prohibits the government from "punishing twice or attempting a second time to punish criminally for the same offense."

*Witte v. United States*, 515 U.S. 389, 396 (1995)(quoting *Helvering v. Mitchell*, 303 U.S. 391, 399 (1938)).  Although the Double Jeopardy Clause protects a defendant against cumulative punishments for convictions on the same offense, the clause does not prohibit the state from prosecuting a defendant for such multiple offenses in a single prosecution. *See Ohio v. Johnson,* 467 U.S. 493, 500 (1984).  Moreover, whether punishments are multiple, so as to violate the Double Jeopardy Clause, is essentially a question of legislative intent. *Id.* at 499.

When multiple convictions are secured at a single trial, the test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment is that set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). *Brown v. Ohio*, 432 U.S. 161, 166 (1977).  As the Supreme Court explained that test in *Brown*:

> "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not····" This test emphasizes the elements of the two crimes.  "If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes····"

*Id*. at 166 (quoting *Iannelli v. United States*, 420 U.S. 770, 785 n. 17 (1975).

"The Court focuses on the statutory elements of the two crimes with which a defendant has been charged, not on the proof that is offered or relied upon to secure a conviction.... If each [offense] requires proof of a fact that the other does not, the

17

*Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *United States v. Barrett*, 933 F. 2d 355, 360-61 (6th Cir. 1991)(internal citations and quotes omitted).  Thus, the Double Jeopardy Clause is not violated merely because the same evidence is used to establish more than one statutory violation. *See United States v. Dixon*, 509 U.S. 688, 696 (1993).

Moreover, in deciding a habeas petitioner's Double Jeopardy claim, a federal habeas court is bound by a state appellate court's interpretation of different state statutes to permit a defendant who is convicted of multiple offenses to be punished for both offenses. *See Palmer v. Haviland,* 273 Fed. Appx. 480, 486-87 (6th Cir. 2008).  Once a state court has determined that the state legislature intended cumulative punishments for separate offenses, a federal habeas court must defer to that determination. *See Banner v. Davis,* 886 F. 2d 777, 780 (6th Cir. 1989).  The Michigan Court of Appeals determined that the Michigan Legislature intended cumulative punishment for the offenses of felon in possession of a firearm and felony-firearm. *Broussard,* Slip. Op. at * 7 (citing *People v. Dillard,* 246 Mich. App. 163, 166-171; 631 N.W. 2d 755 (2001)).  This Court sitting on federal habeas review is bound by that determination. *Banner,* 886 F. 2d at 780. Because this determination is binding in federal habeas corpus, Petitioner's claim that his convictions for both possession of a firearm by a felon and possession of a firearm during the commission of a felony violate the Double Jeopardy Clause must be rejected. *See Rodgers v. Bock,* 49 Fed. Appx. 596, 597 (6th Cir. 2002).  Because the Michigan Court of Appeals clearly held that multiple punishments for the two crimes are

18

permissible under Michigan law, the state trial court did not violate Petitioner's federal right against double jeopardy. *Palmer,* 273 Fed. Appx. at 487.

Finally, in light of the fact that Petitioner's convictions for both offenses did not violate the Double Jeopardy Clause, counsel was not ineffective for failing to object to the convictions on this basis. *Compare Fudge v. U.S.,* 673 F. Supp. 2d 568, 580-81 (W.D. Mich. 2009). Petitioner is not entitled to relief on his fifth claim.

### F. Claim # 7.  Cumulative errors.

Petitioner contends that he is entitled to habeas relief because of cumulative error or counsel's ineffectiveness in failing to object to cumulative errors.

The cumulative weight of alleged constitutional trial errors in a state prosecution does not warrant federal habeas relief, because there is no clearly established federal law permitting or requiring the cumulation of distinct constitutional claims to grant habeas relief. *Moore v. Parker,* 425 F. 3d 250, 256 (6th Cir. 2005). Therefore, Petitioner is not entitled to habeas relief on the grounds of cumulative error. *Id.* Moreover, absent any showing that any of Petitioner's claims have merit, trial counsel was not ineffective for failing to object to any of the alleged errors here, either individually or as cumulative. *See e.g. Jackson v. Shanks,* 143 F. 3d 1313, 1321 (10th Cir. 1998). Petitioner is not entitled to habeas relief on his seventh claim.

### IV.  Conclusion

The Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability to Petitioner. To obtain a certificate of appealability, a

prisoner must make a substantial showing of the denial of a constitutional right. 28

U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that

reasonable jurists could debate whether, or agree that, the petition should have been

resolved in a different manner, or that the issues presented were adequate to deserve

encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

When a district court rejects a habeas petitioner's constitutional claims on the merits, the

petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The

district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. §

2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

     For the reasons stated in this opinion, the Court denies Petitioner a certificate of

appealability; he failed to make a substantial showing of the denial of a federal

constitutional right. *See Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

     Although this Court denies a certificate of appealability, the standard for granting

an application for leave to proceed *in forma pauperis* (IFP) is lower than the standard for

certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D.

Mich. 2002).  While a certificate of appealability may only be granted if petitioner makes

a substantial showing of the denial of a constitutional right , a court may grant IFP status

if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. §

1915(a)(3); Fed. R.App.24 (a).  "Good faith" requires a showing that the issues raised

are not frivolous; it does not require a showing of probable success on the merits. *Foster,*

208 F. Supp. 2d at 765.  Although jurists of reason would not debate this Court's

resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could

be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V.  <u>ORDER</u>

**The Court DENIES** the Petition for Writ of Habeas Corpus and a Certificate of

Appealability**.**

Petitioner is **GRANTED** leave to appeal *in forma pauperis.*


<u>S/Victoria A. Roberts</u>
Victoria A. Roberts
United States District Judge

Dated:  November 12, 2013

---

The undersigned certifies that a copy of this
document was served on the attorneys of record
by electronic means or U.S. Mail on November
12, 2013.

<u>S/Linda Vertriest</u>
Deputy Clerk

---

21